UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TRAFFIC & PARKING
CONTROL CO., INC.,

    Plaintiff,

v.                                                      CASE NO. 8:17-cv-2404-T-23TGW

R.D. JONES STOP EXPERTS, INC.,

    Defendant.
_____/

**ORDER**

R.D. Jones owns U.S. Patents 8,081,087 and 9,129,540, which disclose flashing beacons for traffic control. Each beacon comprises a signal, a sign, at least two sets of flashing lights (which blink in a "wig-wam" pattern), a device to activate the lights remotely, and a solar panel to power the flashing beacon.

In January 2016, R.D. Jones sued Traffic & Parking Control in the Middle District of Florida for infringing the patents, and in June 2016 the parties settled the infringement action. Under the settlement, R.D. Jones agreed to "use reasonable efforts" to enforce the patents against infringing third parties, and Traffic & Parking Control agreed to pay R.D. Jones a "structured settlement payment" for each complaint filed against an infringing third party. Also, Traffic & Parking Control agreed to pay R.D. Jones a royalty for each infringing device Traffic & Parking Control sold until the expiration of the patents. The settlement permitted Traffic &

Parking Control to pay a royalty no greater than that paid by an infringing third party with which R.D. Jones settled.

Although R.D. Jones sued four third-party infringers in the past two years, Traffic & Parking Control alleges that R.D. Jones failed to diligently prosecute the actions, which failures resulted in the staying or the dismissal of the actions. Contending that R.D. Jones's failure to diligently prosecute actions against infringing third parties imposes a competitive disadvantage, Traffic & Parking Control sues (Doc. 1) R.D. Jones for breach of the settlement and breach of the implied duty of good faith. R.D. Jones moves (Doc. 13) to dismiss under Rule 12(b)(6), Federal Rules of Civil Procedure.

## DISCUSSION

R.D. Jones argues that the settlement required only that Jones "file suit against four other patent infringers." Although R.D. Jones's filing of a complaint triggered Traffic & Parking Control's duty to pay a "structured settlement payment," Traffic & Parking Control claims that R.D. Jones's duty to prosecute the infringement actions continued after the filing of a complaint. According to Traffic & Parking Control, the settlement obligated R.D. Jones to diligently prosecute the actions against the infringing third parties. (Doc. 1 at ¶ 16)

As evidence of its vigor in enforcing the patents, R.D. Jones cites four other actions and requests that this order "take judicial notice of these" actions. (Doc. 13 at 3) First, R.D. Jones mentions *R.D. Jones v. J.S. Foster Corp.*, 8:16-cv-1588-JDW

(M.D. Fla.), in which R.D. Jones elected to sue in the Middle District of Florida a Canadian company with no employees, offices, bank accounts, or assets in the Middle District of Florida.  Because the Canadian company's contacts with Florida comprised one appearance at a trade show in Orlando (the company sold no infringing product at the trade show) and the sale in Florida of an unrelated product, Judge Whittemore held that R.D. Jones failed to establish personal jurisdiction under the Florida long-arm statute and that the exercise of personal jurisdiction by the U.S. District Court for the Middle District of Florida violated due process in that instance. R.D. Jones's feeble argument for personal jurisdiction in that action supports Traffic & Parking Control's allegation that R.D. Jones failed to diligently prosecute an action against an infringing third party.

As additional evidence of its vigor in prosecuting infringement actions, R.D. Jones cites *R.D. Jones v. RTC Manufacturing, Inc.*, 8:16-cv-1686-MSS (M.D. Fla.).  As in *J.S. Foster Corp.*, a district judge in the Middle District of Florida promptly dismissed the action for failure to establish personal jurisdiction.  Before dismissing the action, Judge Scriven permitted R.D. Jones a week to move to transfer the action to a district that could lawfully exercise personal jurisdiction over the defendant. R.D. Jones failed to move for a transfer, and Judge Scriven dismissed the action without prejudice.  Traffic & Parking Control observes that R.D. Jones "never refiled [the actions against J.S. Foster and RTC Manufacturing] in a court with proper personal jurisdiction" and venue.  (Doc. 14 at 3)

In two other actions, R.D. Jones sued alleged infringers Traffic Equipment Marketing and Eltec, at least one of which challenged the validity of the '540 patent. R.D. Jones "filed for reissue" of the '540 patent and agreed to stay both actions during the pendency of the re-issue proceeding. Although the re-issue proceeding purportedly involved only the '540 patent, Traffic & Parking Control observes that R.D. Jones failed to pursue a claim against Traffic Equipment Marketing or Eltec based on the '087 patent. (Doc. 14 at 3) Rather than show R.D. Jones's compliance with the settlement, the dispositions of the actions against infringing third parties appear to support Traffic & Parking Control's claim for breach of the settlement.

Additionally, R.D. Jones confusingly argues that this action "compromise[s] the independent professional judgment" of R.D. Jones's counsel; that this action amounts to the "assignment of a legal malpractice claim," and that Traffic & Parking Control actually demands specific performance. (Doc. 13 at 6–7) These arguments lack merit. Rather than demand that R.D. Jones sue the infringing third parties again or resume the stayed actions, Traffic & Parking Control requests money damages for the competitive disadvantage allegedly imposed by R.D. Jones's lackadaisically pursuing the infringement actions against the third parties while simultaneously collecting a "structured settlement payment" from Traffic & Parking Control. Nothing about the settlement violates public policy (at least, R.D. Jones identifies persuasively no public policy violated by the settlement).

Finally, R.D. Jones argues for dismissal of the breach-of-good-faith claim because the claim requires "an allegation that an express term of the contract has been breached." (Doc. 13 at 8)  Because Traffic & Parking Control alleges the breach of an express term — the requirement that R.D. Jones "use reasonable efforts" to enforce the patent against infringing third parties — R.D. Jones's argument fails.

## CONCLUSION

Based on R.D. Jones's alleged failure to diligently enforce the patents against infringing third parties, Traffic & Parking Control states a claim for breach of the settlement and for breach of the implied duty of good faith.  The motion (Doc. 13) to dismiss is **DENIED**.

ORDERED in Tampa, Florida, on March 6, 2018.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE